1  BENJAMIN B. WAGNER
   United States Attorney
2  JARED C. DOLAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2700



**FILED**

AUG 3 0 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

5
6  **SEALED**
7

8           IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10                              2:12 - CR - 0 3 1 3 GEB
11 UNITED STATES OF AMERICA,     )  Case NO.
                                 )
12         Plaintiff,            )  VIOLATION: 18 U.S.C. § 371
                                 )  (Conspiracy to Commit Financial
13     v.                        )  Aid Fraud); 18 U.S.C. § 1341 (Mail
                                 )  Fraud) (10 Counts)
14 BRENT W. WILDER,              )
   MICHAEL J. HUDDLESTON,        )
15                               )
           Defendants.           )
16                               )
                                 )
17 _____)

18                    I N D I C T M E N T

19 COUNT ONE:   [18 U.S.C. § 371 - Conspiracy to Commit Financial Aid
                Fraud]
20

21     The Grand Jury charges:

22                    BRENT W. WILDER, and
                      MICHAEL J. HUDDLESTON,
23

24 defendants herein, as follows:

25                    I.   INTRODUCTION

26     At all times material herein,

27     1.  The Department of Education (ED) was an agency of the

28 United States government.  One of the primary responsibilities of ED

                               1

was oversight of the administration of Title IV Federal Student
Assistance (FSA) Programs authorized by the Higher Education Act of
1965.  As part of these functions, ED funded and administered
federal student assistance programs to assist qualified student
borrowers in obtaining college educations.

2.  ED offered a number of financial aid programs to qualified
students.  To be eligible to receive FSA funds, among other
prerequisites, students had to hold a high school diploma or pass
related testing requirements, and had to certify that funds would be
used only for educational purposes.

3.  The Federal Pell Grant Program provided federal funds to
eligible students in need of financial assistance to pursue post-
secondary education at participating institutions.  Pell Grants,
which were in the form of a gift that was not required to be repaid,
were awarded to eligible students who had not yet earned a bachelor
or professional degree.

4.  The Federal Family Education Loan (FFEL) Program was a loan
program in which the funds were lent to the student from a bank,
credit union, or other lender that participated in the FFEL Program.
On behalf of eligible student borrowers, educational institutions
could disburse FFEL funds from a commercial (non-ED) lender.
Subsidized FFEL Stafford Loans were awarded to students who
demonstrated financial need.  Because ED subsidized the interest,
borrowers were not charged interest while they were enrolled in
school at least halftime and during grace and deferment periods.
Unsubsidized FFEL Loans were awarded to students regardless of
financial need.  Borrowers were responsible for paying the interest
that accrued during any period.

2

1    5.  To start the financial aid process, a student completed and

2  submitted a Free Application for Federal Student Aid (FAFSA), via

3  "FAFSA on the Web" (fafsa.ed.gov).  In order to electronically sign

4  the FAFSA, each applicant was assigned a unique PIN number by ED via

5  e-mail or United States mail address provided by the student.  At

6  the time the FAFSA is signed, the applicant was required to certify

7  that he or she will use federal and/or state student financial aid

8  only to pay the cost of attending an institution of higher

9  education.  The submitted application was received by the Central

10  Processing System (CPS).  The CPS calculated the FAFSA application

11  information submitted by the student using the appropriate federal

12  methodology to produce the Estimated Family Contribution (EFC) and

13  also performed data matching with various other Federal Agencies to

14  confirm eligibility requirements.  Pell Grant eligibility was

15  determine at this time.  The CPS electronically issued an

16  Institutional Student Information Record (ISIR) to the schools the

17  student listed on the FAFSA.

18    6.  To apply for a loan, the student had to complete a Federal

19  Stafford Loan Application, and a Promissory Note, and take the

20  completed forms to the school that the student planned to attend.

21  After the school completed its portion of the application, the

22  student, or the school on the student's behalf, had to send the

23  application to the lender for evaluation.  The loan was insured by

24  state or private nonprofit guaranty agencies that were reimbursed by

25  the federal government for all or part of the insurance claims paid

26  to lenders.  This government guarantee replaced the collateral or

27  security usually required with long-term consumer loans.

28    7.  To ensure ED funds were used for educational purposes, the

financial assistance funds were sent from ED, or the commercial lender, directly to the institution where the student was enrolled. ED funds were then held by the institution in trust for the benefit of the student.   Institutions had the authority to apply the loan and grant funds received from ED to a student's tuition account and to disburse any excess funds to the student for other educational expenses.

8.   American River College, Sacramento City College, and Consumnes River College were accredited higher education institutions located in Sacramento County, in the State and Eastern District of California.   Each of these colleges used online and traditional classroom formats to deliver instruction and were approved by ED to administer federal student assistance programs authorized by Title IV of the Higher Education Act of 1965, as amended.

9.   Each of the colleges named in paragraph 8 used a contracted vendor, Higher One, to disburse excess financial aid funds to students.   Students could receive these excess funds in three ways: (1) via Easy Refund, wherein the excess funds were contained on a Higher One debit card that was mailed to the student; (2) via EFT transfer, wherein Higher One would electronically wire the excess funds to the student's own independent bank account within 2-3 business days; or (3) via paper check, wherein Higher One would prepare and mail a paper check in the amount of the excess funds.

10.   Defendant BRENT W. WILDER was an individual who resided in Sacramento County, in the State and Eastern District of California.

11.   Defendant MICHAEL J. HUDDLESTON was an individual who resided in Sacramento County, in the State and Eastern District of

4

1 | California.

2 | II.   THE CONSPIRACY

3 | 12.   Beginning on a date unknown to the Grand Jury, but no
4 | later than in or about February 2009, and continuing through in or
5 | about April 2012, in the State and Eastern District of California,
6 | defendants BRENT W. WILDER and MICHAEL J. HUDDLESTON, did knowingly
7 | agree and conspire with each other and with others known and unknown
8 | to the Grand Jury, to steal and to obtain by fraud, false
9 | statements, and forgery, federal student assistance funds provided
10 | and insured under subchapter IV of Chapter 28 of Title 20, United
11 | States Code in violation of Title 20, United States Code, Section
12 | 1097(a).

13 | 13.   The principal object of the conspiracy was to obtain by
14 | fraud, forgery, and false statements, financial aid grant funds
15 | owned by the United States Government and loan funds insured by the
16 | United States Government, through the preparation and submission of
17 | false and fraudulent student admission and loan applications to
18 | California community colleges on behalf of straw students.   BRENT W.
19 | WILDER and MICHAEL J. HUDDLESTON recruited these straw students to
20 | embezzle a portion of the loan and grant proceeds for the benefit of
21 | defendants WILDER and HUDDLESTON.   As a result of the conspiracy,
22 | the defendants recruited over fifty straw students and caused the
23 | fraudulent disbursement of over $200,000 to which they and others
24 | were not entitled.

25 | III.   MANNER AND MEANS

26 | The manner and means by which the conspiracy was sought to be
27 | accomplished included the following:

28 | 14.   Directly and with the assistance of MICHAEL J. HUDDLESTON,

5

defendant BRENT W. WILDER recruited individuals known and unknown to the Grand Jury to act as straw students.  BRENT W. WILDER assisted the straw students in applying for FSA at American River College, Sacramento City College, and Consumes River College, knowing that many of these students were ineligible for FSA funds.

15.  Defendant BRENT W. WILDER also used for straw students the identities of other individuals who were incarcerated in state prison.  These individuals were ineligible for FSA funds because they were serving a custodial sentence of imprisonment, as BRENT W. WILDER well knew.  In some cases, the student's signatures on documents submitted in support of their applications were forged, or caused to be forged, by BRENT W. WILDER.

16.  After recruiting straw students, defendants BRENT W. WILDER and MICHAEL J. HUDDLESTON applied for FSA funding in the names of the straw students and completed all paperwork and enrollment applications necessary to obtain the funds.  These applications contained a number of false statements.  For example, the applications stated that some students had completed high school or obtained a G.E.D. when they had not.  The applications also certified that the funds would be used solely for educational purposes.  Defendants BRENT W. WILDER and MICHAEL J. HUDDLESTON also applied for FSA funding in their own names with no intention of applying the aid to educational purposes.

17.  BRENT W. WILDER and MICHAEL J. HUDDLESTON received the funds that were mailed at addresses they designated and controlled.  The funds were in the form of a check or a Higher One debit card.  Defendants BRENT W. WILDER and MICHAEL J. HUDDLESTON generally kept approximately half of the excess FSA funds received by each straw

6

1 | student and gave the remainder to the straw student.

2 | IV.   OVERT ACTS

3 | In furtherance of the conspiracy and to effect the objects of
4 | the conspiracy, defendants BRENT W. WILDER and MICHAEL J. HUDDLESTON
5 | committed, and caused to be committed, the following overt acts,
6 | among others, within the State and Eastern District of California
7 | and elsewhere:

8 | 18.   On or about July 9, 2010, BRENT W. WILDER faxed to
9 | American River College a Direct Loan Request Form for B.L., an
10 | individual he had recruited to be a straw student.

11 | 19.   On or about August 20, 2010, BRENT W. WILDER faxed to
12 | American River College a Selective Service Questionnaire for R.G.,
13 | an individual he had recruited to be a straw student.

14 | 20.   On or about January 10, 2011, BRENT W. WILDER faxed to
15 | American River College a Direct Loan Request Form for K.H., an
16 | individual he had recruited to be a straw student.

17 | 21.   On or about January 14, 2011, BRENT W. WILDER sent by
18 | faxed to American River College a Pell Grant overpayment
19 | acknowledgment form for V.B., an individual who was incarcerated in
20 | state prison.

21 | 22.   On or about March 23, 2012, MICHAEL J. HUDDLESTON caused a
22 | wire transfer in the amount of $900 to be sent from the Higher One
23 | account ending 0213 held by A.S., a straw student he had recruited,
24 | to the Higher One account ending 4054 in his own name.

25 | 23.   On or about April 2, 2012, MICHAEL J. HUDDLESTON caused a
26 | wire transfer in the amount of $500 to be sent from the Higher One
27 | account ending 8662 held by L.H., a straw student he had recruited,
28 | to the Higher One account ending 4054 in his own name.

7

1      24.   On or about April 23, 2012, MICHAEL J. HUDDLESTON caused a
2 wire transfer in the amount of $500 to be sent from the Higher One
3 account ending 7324 held by T.H., a straw student he had recruited,
4 to the Higher One account ending 4054 in his own name.

5      All in violation of Title 18, United States Code, Section 371.

6 COUNTS TWO THROUGH ELEVEN:     [18 U.S.C. § 1341 - Mail Fraud]

7      The Grand Jury further charges:

8                      BRENT W. WILDER and
                       MICHAEL J. HUDDLESTON,
9

10 defendants herein, as follows:

11      1.   The allegations in paragraphs 1-11 and 14-24 of Count One
12 of this Indictment are incorporated by reference and re-alleged as
13 though fully set forth herein.

14      2.   Beginning at a time unknown to the Grand Jury, but no later
15 than in or about February 2009, and continuing through in or about
16 April 2012, in the State and Eastern District of California,
17 defendants BRENT W. WILDER and MICHAEL J. HUDDLESTON, along with
18 others known and unknown to the Grand Jury, did knowingly devise and
19 intend to devise a material scheme and artifice to defraud the U.S.
20 Department of Education and to obtain money from said Department by
21 means of materially false and fraudulent pretenses, representations
22 and promises, specifically to obtain FSA funds by fraud, false
23 statements, and forgery.

24      3.   On or about the dates set forth below, for the purposes of
25 executing and attempting to execute the scheme and artifice to
26 defraud, and attempting to do so, defendants BRENT W. WILDER and
27 MICHAEL J. HUDDLESTON, along with others known and unknown to the
28 Grand Jury, knowingly caused the following items to be placed in an

authorized depository for mail matter in the Eastern District of California, to be sent and delivered by the United States Postal Service, and knowingly caused to be delivered by mail according to the directions thereon, the following items:

| COUNT | DATE | DEFENDANT | MAILING ADDRESS | MAIL MATTER |
|---|---|---|---|---|
| 2 | 9/7/2010 | WILDER | P.O. Box 1766, North Highlands, CA | Higher One debit card ending in 8600 in the name of an individual with the initials G.W. |
| 3 | 9/24/2010 | WILDER | P.O. Box 1766, North Highlands, CA | Check No. 4544 to an individual with the initials G.W. in the amount of $2,985 |
| 4 | 8/26/2010 | WILDER | P.O. Box 1766, North Highlands, CA | Check No. 1572298 to an individual with the initials M.C. in the amount of $1,041 |
| 5 | 1/5/2011 | WILDER | P.O. Box 1766, North Highlands, CA | Higher One debit card ending in 7743 in the name of an individual with the initials C.C. |
| 6 | 8/26/2010 | WILDER | P.O. Box 1766, North Highlands, CA | Check No. 1573548 to an individual with the initials D.H. in the amount of $694 |
| 7 | 2/9/2011 | HUDDLESTON | 5354 Ygnacio Drive, Sacramento CA | Higher One debit card ending in 7788 in the name of Michael Huddleston |
| 8 | 12/20/2011 | HUDDLESTON | P.O. Box 1766, North Highlands, CA | Higher One debit card ending in 2854 in the name of an individual with the initials M.M. |

| 9 | 4/3/2012 | HUDDLESTON | 4208 Schofield Way, North Highlands, CA | Higher One debit card ending in 1392 in the name of an individual with the initials R.M. |
| 10 | 12/20/2011 | HUDDLESTON | P.O. Box 1766, North Highlands, CA | Higher One debit card ending in 1633 in the name of an individual with the initials T.H. |
| 11 | 11/9/2011 | HUDDLESTON | P.O. Box 1766, North Highlands, CA | Higher One debit card for account ending in 2967 in the name of an individual with the initials L.H. |

All in violation of Title 18, United States Code, Sections 2 and 1341.

A TRUE BILL.

/s/
FOREPERSON

BENJAMIN B. WAGNER
United States Attorney

10

*No.*

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

### BRENT W. WILDER, and
### MICHAEL J. HUDDLESTON

## I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 371 (Conspiracy to Commit
Financial Aid Fraud); 18 U.S.C. § 1341 (Mail Fraud) (10 Counts)

*A true bill,*

_ _ _ /s/ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ _ _ _ 30 _ _ _ _ _ *day*

*of* _ _ _ August _ _ _ , *A.D. 20* 12 _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk.*

*Bail, $* **NO BAIL WARRANT PENDING HEARING** - both defendants wilder
Huddleston

GPO 863 525

2: 1 2 - CR - 0 3 1 3 GEB

# PENALTY SLIP

**BRENT W. WILDER**
**MICHAEL J. HUDDLESTON**

**COUNT 1**
**VIOLATION:**   18 U.S.C. § 371 –Conspiracy to Commit Financial Aid Fraud
**PENALTY:**     Not more than 5 years imprisonment, or
                 Not more than $250,000 Fine or Both
                 3 Years TSR


**COUNTS 2-11**
**VIOLATION:**   18 U.S.C. § 1341 –Mail Fraud
**PENALTY:**     Not more than 20 years imprisonment, or
                 Not more than $250,000 Fine or Both
                 3 Years TSR


**PENALTY ASSESSMENT:** Mandatory $100 penalty assessment